IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| YOLANDE C. BOLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-CV-451 |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Plaintiff Yolande Boler brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

**I.    PROCEDURAL HISTORY**

Ms. Boler filed her application for Disability Insurance Benefits on January 23, 2007, alleging a disability onset date of October 23, 2006. (Tr. at 82-84, 93, 106.)[2] Her application was denied initially and upon reconsideration. (Tr. at 46, 47.) Thereafter, Ms. Boler requested a hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 57-58.) Plaintiff and her

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer [Doc. #8].

attorney attended the hearing on December 30, 2008. (Tr. at 9.) After a hearing, the ALJ found that Ms. Boler was not disabled within the meaning of the Act. (Tr. at 18.) The ALJ's decision became the Commissioner's final decision for purposes of judicial review when the Appeals Council denied Ms. Boler's request for review. (Tr. at 1-4.)

## II. LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). "[T]he scope of [the court's] review of [such an administrative] decision . . . is extremely limited." *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). "[A] reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets omitted). The issue before this Court "is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

"The Commissioner uses a five-step process to evaluate disability claims." *Hancock*, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Id.*

## III. THE ALJ'S DECISION

The ALJ found at step one that Ms. Boler had not engaged in "substantial gainful activity" since her alleged onset date. (Tr. at 11.) At step two, the ALJ found that Ms. Boler

suffered from the following severe impairments: "residuals of trauma to head and neck; diabetes mellitus; obesity; and decreased intellectual functioning." (*Id.*) The ALJ found at step three that these impairments did not meet or equal a disability listing. (*Id.* at 14.) The ALJ then assessed Ms. Boler's RFC and found that Ms. Boler could perform medium work except that she should avoid driving automotive equipment and working at unprotected heights or around dangerous machinery. In addition, the ALJ limited Plaintiff to "simple, routine, repetitive tasks in a low stress setting with minimal social demands." (*Id.* at 14.) Based on this determination, the ALJ found under step four of the analysis that Ms. Boler's past relevant work as a hotel housekeeper did not require the performance of activities precluded by her RFC. (*Id.* at 17.) The ALJ also made an alternative, step five finding that Ms. Boler could perform other jobs that exist in significant numbers in the national economy. (*Id.* at 17-18.) Therefore, he concluded that Ms. Boler was not disabled.

**IV.  CONTENTIONS**

Ms. Boler argues that substantial evidence fails to support the Commissioner's findings in five respects. First, at step three, Ms. Boler challenges the ALJ's finding that her impairments fail to meet or equal a listed impairment. She contends that her decreased intellectual functioning meets the definition of an organic mental disorder as set out in 20 C.F.R. Part 404, Subpart P, Appendix I, § 12.02 ("Listing 12.02"). Next, Ms. Boler raises two related challenges to the ALJ's RFC assessment. She contends (1) that the assessment fails to consider the impact of her severe mental impairment on her functional abilities as required by Social Security Ruling ("SSR") 96-8p, and (2) that the assessment does not contain any rationale or reference to the supporting evidence, as required by SSR 96-8p. Finally, Ms. Boler challenges the ALJ's findings at steps four and five. Specifically, Ms. Boler contends that the ALJ's conclusion that

3

Ms. Boler could return to her past relevant work as a housekeeper contained none of the "specific findings or analysis regarding the physical and mental demands of this work" required by SSR 82-62.  Although the ALJ also provided an alternative, step five finding that Ms. Boler could also perform other work in the national economy, Ms. Boler contends that the ALJ improperly relied on the Social Security Administration's medical-vocational guidelines (the "grids"), to reach this conclusion given the existence of Plaintiff's nonexertional limitations.  Defendant contends otherwise and urges that substantial evidence supports the determination that Ms. Boler was not disabled.

For the reasons set out below, the Court affirms the ALJ's findings at step three, but finds that the ALJ's findings at steps four and five are so ambiguous that the Court is unable to complete a meaningful review of the decision.  Accordingly, this matter will be remanded so that the Commissioner can make findings that are sufficiently unambiguous that a reviewing court can determine whether they are rational.

## V. DISCUSSION

### A. Step Three

Ms. Boler challenges the ALJ's finding that her impairments fail to meet or equal a listed impairment.  She contends that her decreased intellectual functioning meets the definition of an organic mental disorder as set out in 20 C.F.R. Part 404, Subpart P, Appendix I, § 12.02 ("Listing 12.02").  There is substantial evidence that this is not the case, and thus the ALJ's finding should be affirmed.

Specifically, there is no evidence of record concerning her IQ scores before the 2006 accident.  Thus, there can be no evidence of a 15-point drop, even if one accepts Dr. Johnson's IQ score of 77.   Ms. Boler also has not pointed to evidence of behavioral or psychological

abnormalities and no clear loss of previously acquired functional abilities, both of which are required to meet the listing. Finally, the state agency physician found she did not have a mental impairment that met a Listing. (Tr. 230-231, 263.)

    B. Step Four

At step four of the sequential analysis, the plaintiff has the burden of showing that she can no longer perform her past relevant work. 20 C.F.R. § 416.920(e); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1993) (through step four of the SEP, Plaintiff carries the burden of production and proof). Nevertheless, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (citing SSR 82-62; 20 C.F.R. §§ 416.971, 416.974, and 416.965.) "[I]n finding that an individual has the capacity to perform a past relevant job, the [ALJ's] decision must include a specific 'finding of fact as to the physical and mental demands of the past job'" as well as analysis of whether that individual's RFC would impact her ability to perform such a job. *Alderman v. Barnhart*, 297 F. Supp. 2d 876, 879 (W.D. Va. 2003) (citing SSR 82-62).

In the present case, the ALJ first found that Ms. Boler "worked as a housekeeper for a hotel from 1998 to 2001." He then stated that he compared Ms. Boler's RFC with the physical and mental demands of this work, and "finds that [Ms. Boler] is able to perform it as actually performed." (Tr. at 17.) However, the decision is completely void of any further analysis, and no description of Ms. Boler's work as a hotel housekeeper appears in the record. Ms. Boler never filled out the work background sheet associated with her disability application, and the only job Ms. Boler described in her disability report and hearing testimony was that of "House Keeping Expeditor," a management job which she performed from 2003 until her injury in 2006. (*See* Tr. 28, 79, and 94.)

5

Defendant attempts to side-step the lack of support in the record by instead citing to the *Dictionary of Occupational Titles* ("DOT"). Defendant maintains that Ms. Boler's RFC for medium unskilled work would allow her to perform housekeeping work as described in DOT job title 323.687-014. (*See* Def.'s Br. [Doc. #16] at 11.) However, the ALJ never identified Ms. Boler's past relevant work by DOT code. Moreover, and far more importantly for the issue at hand, the ALJ explicitly made his step four finding based on Ms. Boler's past work "as actually performed," (Tr. at 17), not as generally performed.[3] Although the DOT typically provides substantial evidence of the mental and physical requirements of a job as generally performed, an ALJ must rely on at least one of the following two sources to "define a [plaintiff's] past relevant work as actually performed: a properly completed vocational report, SSR 82-61, and the claimant's own testimony, SSR 82-41." *Pinto*, 249 F.3d at 845. Here, as noted above, neither exists. Accordingly, the Court finds that substantial evidence does not support the ALJ's determination that Ms. Boler was able to return to her past relevant work as actually performed.

C. Step Five

Defendant next contends that any error as to Ms. Boler's past relevant work is rendered harmless by the ALJ's alternative finding at step five of the sequential analysis. At step five, the government must prove in one of two ways that a claimant remains able to perform other jobs available in the community. Where a plaintiff suffers from purely exertional limitations, the ALJ may apply the grids to establish that claimant's vocational ability. *See McLain v. Schweiker*, 715 F.2d 866, 870 n.1 (4th Cir. 1983). If, however, the claimant suffers from nonexertional limitations, the grids are not determinative, and the ALJ must consider vocational expert ("VE")

---

[3] At step four, an ALJ must evaluate a plaintiff's ability to perform (1) the actual functional demands and duties of a particular past relevant job, *or* (2) the functional demands and duties of a given occupation as generally required by employers throughout the national economy. *Pinto*, 249 F.3d at 845 (citing SSR 82-61).

testimony. *Id.* Here, the ALJ found that Ms. Boler's nonexertional limitations had "little or no effect on the occupational base of unskilled medium work." (Tr. at 18.) He therefore applied the "framework" of the grids, specifically Medical-Vocational Rule 203.29, to find Ms. Boler to be not disabled. Plaintiff now argues that her limitation to "simple, routine, repetitive tasks in a low stress setting with minimal social demands" erodes the occupational base of unskilled medium work to the extent that testimony from a vocational expert was required.

"Unskilled work" constitutes a term of art, defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). The SSA's policy statements further provide that "[t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85-15. From this definition, it is clear that "simple, routine, repetitive work is a narrower category (meaning greater limitations) than unskilled work" in general. *McClendon v. Astrue*, No. 1:10CV411, 2012 WL 13525, at *7 (M.D.N.C. Jan. 4, 2012) (unpublished). Accordingly, whether or not unskilled work squares with a claimant's particular mental limitations presents a fact-specific determination. *See Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984) (citing *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982)).

In the present case, the ALJ's decision identifies no medical or other evidence to support his conclusion that Ms. Boler's "additional limitations have little or no effect on the occupational base of unskilled medium work." (Tr. at 17-18.) Therefore, the Court finds that the ALJ's step five analysis, or lack thereof, is simply too ambiguous for the Court to complete meaningful judicial review of this issue. Regardless of whether an ALJ relies on the grids or VE testimony,

7

his step five analysis must capture, in functional terms, "the concrete consequences of a claimant's deficiencies" as supported by the substantial evidence. *Cox v. Astrue*, 495 F.3d 614, 620 (8th Cir. 2007). Further, the fact finder must "build an accurate and logical bridge from the evidence to [his] conclusions so that [the Court] may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes ex. rel. Wolfe v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). Because no such bridge exists in the present case, remand is necessary so that substantial, unambiguous findings of fact may be made as to (1) the physical and mental demands of Ms. Boler's past relevant work as a hotel housekeeper and/or (2) her ability to perform other work in the national economy, and to clarify the legal underpinnings of his conclusion.

IT IS THEREFORE **ORDERED** that the Commissioner's decision finding no disability be **REVERSED**, and that the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner is directed to remand the matter to the ALJ for further proceedings consistent with this recommendation. To this extent, Defendant's Motion for Judgment on the Pleadings [Doc. #15] is **DENIED**, and Plaintiff's Motion for Judgment on the Pleadings [Doc. #10] is **GRANTED**. However, to the extent that Plaintiff's motion seeks an immediate award of benefits, it is **DENIED**.

This the 26th day of September, 2013.

UNITED STATES DISTRICT JUDGE